IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DWIGHT WINKLEY, FATHER AND WRONGFUL DEATH
BENEFICIARY OF ISAIAH WINKLEY, DECEASED, AND AS
REPRESENTATIVE OF ALL WRONGFUL DEATH BENEFICIARIES
OF ISAIAH WINKLEY; CATHY WINKLEY; DANIELLE WINKLEY
HUTCHINSON; SHANNA WINKLEY EDEL AND JEREMIAH
WINKLEY, AS WRONGFUL DEATH BENEFICIARIES OF ISAIAH
WINKLEY, DECEASED                                                                   PLAINTIFFS**

**v.                                                 CIVIL ACTION NO: 1:23cv213 LG-RPM**

**HANCOCK COUNTY, MISSISSIPPI; RICKY ADAM,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF
HANCOCK COUNTY, MISSISSIPPI; MICHAEL CHASE
BLACKWELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS DEPUTY OF HANCOCK COUNTY SHERIFF'S OFFICE;
AND JOHN DOES 1-5                                                                   DEFENDANTS**

**COMPLAINT
JURY TRIAL DEMANDED**

*COMES NOW*, the Plaintiff Dwight Winkley, wrongful death beneficiary of Isaiah Winkley and as representative of all wrongful death beneficiaries listed herein, and would file this Complaint on his and their behalf, this Complaint for damages stated to wit:

**PARTIES**

1.      The Plaintiffs, Dwight Winkley and Cathy Winkley, parents of Isaiah Winkley, deceased, are adult resident citizens of the State of Georgia.  These Plaintiffs are wrongful death beneficiaries of Isaiah Winkley, deceased, pursuant to MISS. CODE ANN. §11-17-13 (Amended 2013), as applied through 42 U.S.C. § 1983.

2.      The Plaintiff, Danielle Winkley Hutchinson, sister of Isaiah Winkley, deceased, is an adult resident citizen of the State of California. This Plaintiff is a wrongful death beneficiary of Isaiah Winkley, deceased, pursuant to MISS. CODE ANN. §11-17-13 (Amended 2013), as applied through 42 U.S.C. § 1983.

**3.** The Plaintiff, Shanna Winkley Edel, sister of Isaiah Winkley, deceased, is an adult resident citizen of the State of Arizona. This Plaintiff is a wrongful death beneficiary of Isaiah Winkley, deceased, pursuant to MISS. CODE ANN. §11-17-13 (Amended 2013), as applied through 42 U.S.C. § 1983.

**4.** The Plaintiff, Jeremiah Winkley, brother of Isaiah Winkley, is an adult resident citizen of the State of Alabama. This Plaintiff is a wrongful death beneficiary of Isaiah Winkley, deceased, pursuant to MISS. CODE ANN. §11-17-13 (Amended 2013), as applied through 42 U.S.C. § 1983.

**5.** The Defendant, Hancock County, Mississippi, is a political subdivision and body politic which may be served through it Chairman of the Board of Supervisors, Scotty Adam, in Bay St. Louis, Mississippi and/or t he Chancery Clerk of Hancock County, Mississippi.

**6.** The Defendant, Ricky Adam, is an adult resident citizen and Sheriff of Hancock County, Mississippi, at all times acting in his official capacity as Sheriff and under the color of law, may be served with process at his place of employ in Bay St. Louis, Mississippi.

**7.** The Defendant, Michael Chase Blackwell, (hereinafter "Blackwell") is an adult resident citizen and former Deputy of Hancock County, Mississippi, at all times acting in his official capacity as a Deputy of Hancock County, under color of law, may be served with process at his residence in Saucier, Mississippi.

**8.** The Defendants, John Doe 1-5, are fictitious persons or entities, who cannot be readily identified at this time, believed to have legal liability for the acts and omissions alleged herein. The Plaintiffs will substitute such parties accordingly upon the discovery of their identifying information.

**9.** At the time of his death, Isaiah Winkley was an adult resident citizen of the State of Georgia, attending Pensacola Christian College as a full time student in the state of Florida.

## JURISDICTION AND VENUE

10. Jurisdiction is proper by virtue of 28 U.S.C. § 1332, as there is complete diversity between all Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of costs. Further, those causes of action arising out of 42 U.S.C. §1983 (civil rights), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1343 (civil rights) confer subject matter jurisdiction upon this Court. This Court maintains pendent jurisdiction over all state law claims asserted herein. Finally, this action arises out of an unlawful shooting which occurred in Hancock County, Mississippi, on December 10, 2022, making venue proper pursuant to 29 U.S.C. § 1391(B) and other relevant authority.

## FACTS

11. On December 10, 2022, around 6:30 a.m., Isaiah Winkley (hereinafter "Isaiah") was traveling in or near Perkinston, Mississippi, on St. Matthew Church Road, in front of St. Matthew the Apostle Church, near the intersection of Highway 603, when his vehicle apparently left the road, quite slightly, and became stuck in mud. Isaiah began to walk down that road, in those early morning hours, looking for help. By all appearances, he happened upon an unoccupied residence searching for means to rescue. A witness saw Isaiah on the porch of the residence with a "come along," a hand operated winch with a ratchet use to pull objects that are stuck.

12. At around 7:20a.m. that same day, at least three (3) officers or deputies of the Hancock County Sheriff's Office were called to and did arrive at the residence above, based upon a alleged report of a possible burglary at that home. Upon information and belief, those officers or deputies were Christopher Dunn Sholar, Laura Lyn Yager and Michael Chase Blackwell. Each were under the command of Sheriff Ricky Adam and each, at all times relevant hereto, were acting under color of law and in the course and scope of their employment with Hancock County.

**13.** The deputies approached Isaiah Winkley, a person believed to be a trespasser on the subject property, who was a 21 year old senior at Pensacola Christian College at the time, with guns drawn. Isaiah is not believed to have any criminal history whatsoever nor did he possess or own a firearm. At all relevant times, Isaiah's hands were visible to the officers.

**14.** Isaiah, a gangly young man, presented no immediate threat to the deputies or others, either with his physical movements or in his language. Deputies had not witnessed any act by Isaiah which could be mistake as violent or threatening. Deputies could not have ascertained whether Isaiah was even a trespasser at the time, though he was. Upon information and belief, Isaiah never came within 20-25 feet of the deputies. Isaiah had no illegal drugs or alcohol in his system. Isaiah had an officer directly in front of him and was flanked by two other officers, all with guns drawn.

**15.** Without provocation, warning or justification, one of the deputies, believed to be Blackwell, fired five (5) rounds into Isaiah's body. Rounds which may have missed Isaiah's body have not been identified. What is believed to be the fifth of the rounds entered and exited at a trajectory which would indicate Isaiah was shot while lying face down with his head positioned away from the shooter.

**16.** The entire incident was recorded on one or more body cameras worn by the subject deputies. The Hancock County Sheriff's Office and its representatives have refused to allow the Winkley family or its legal representative to view the video footage or interview the participants.

**17.** The lethal force used by the deputy(ies) was clearly excessive, constituted a reckless disregard for Isaiah's safety and welfare and constituted a severe deprivation of Isaiah's civil rights and liberties under the Fourth and Fourteenth Amendment to the U.S. Constitution.

## COUNT I

### 42 U.S.C. § 1983

18. All allegations contained previously hereto are incorporated herein by reference.

19. At all times relevant hereto, all Defendants were acting under color of state law when committing the acts and omissions alleged herein. Those Defendants are liable to Isaiah, and to these Plaintiffs by virtue of their standing as wrongful death beneficiaries, for the deprivation of rights securedd by the Constitution and applicable to Isaiah Winkley at the time of his death.

20. More specifically, the Defendants, jointly and severally, acting under color of state law, violated decedent Isaiah's Fourth Amendment rights, as incorporated and applied to the states through the Fourteenth Amendment, including the right to be free from an unreasonable seizure. These rights were violated when one or more of these Defendants shot and killed Isaiah without provocation or justification.

21. The deadly forced used by Defendants against Isaiah was unjustified and objectively unreasonable under any circumstances. This force was clearly excessive to the need, and this excessiveness was objectively unreasonable in light of the facts and circumstances at the time of the shooting.

22. The Defendants' actions constitute excessive force in violation of the Fourth Amendment of the United States Constitution as Isaiah posted no immediate threat of serious danger to the Defendants or any other person at the time he was shot and killed.

23. Defendants' use of excessive force in violation of Isaiah's Fourth Amendment right directly and proximately caused his death and the Plaintiffs' damages.

## COUNT II

### Official Policies and Customs of Hancock County Sheriff's Office

24. All allegations contained previously hereto are incorporated herein by reference.

25. Defendants, Ricky Adam and Hancock County, are liable under 42 U.S.C. §1983 due to one or more official policies or customs, whether publicly available or not, that deprived Isaiah of his constitutional rights.

26. A county government is liable for constitutional deprivations which arise pursuant to government custom even though such custom has not received formal approval through the body's official decision making channels. Secreted protocols are known to exist in order to mask their risk to the general public and the administration of justice.

27. Defendants Hancock County and Ricky Adam are liable under 42 U.S. C. §1983 on the following grounds:

   (a) Inadequacy of their policies, training and supervision related to the use of deadly force;

   (b) Inadequacy of their policies, training and supervision relating to the use of non-lethal control devices and tactics;

   (c) Adoption of a subjective continuum of force policy that can be expressly avoided and which leave the use of deadly force exclusively to the unchecked discretion of officers on the scene;

   (d) Adoption of a policy that allows an officer to use the degree of force he feels bring a situation quickly under "control," even if that method is the unreasonable use of deadly force;

   (e) Hiring procedures which ignore an applicants need for additional safety/lethal force training based upon prior incidences of abusive law enforcement tactics; and

   (f) Human resource procedures which secrete an officer's history or incidences of abusive law enforcement tactics in order to avoid discipline which may cause that officer to be removed from a position of public safety risk.

**28.**   The official policies and/or customs of Hancock County addressed herein, and those subsequently discovered, were a direct cause in fact and proximate cause of Isaiah's deprivation of constitutional rights, as well as his death, injuries and other damages sustained.

**29.**   These policies and customer reflect a deliberate indifference to the risk that members of the public will be subjected to constitutional violations, including the use of excessive force, in violation of their Fourth Amendment rights.  These policies and/or customs create a significant risk that members of the public will suffer severe personal injuries and/or death, at the hands of those that are employed to protect them.

## COUNT III

**Miss. Tort Claims Act, MISS. CODE ANN. §11-46-1, *et. seq*. (2013)**

**30.**   All allegations contained previously hereto are incorporated herein by reference.

**31.**   At all times relevant hereto, the officers or deputies of Hancock County were acting in the course and scope of their employment with Hancock County.  Hancock County is vicarious liable for their tortuous conduct.

**32.**   Irrespective of any deputies' legal liability, and in particular Deputy Blackwell's liability, Hancock County is liable for its law enforcement officer's reckless disregard for the rights and safety of Isaiah Winkley at the time of the subject incident.

**33.**   Blackwell's conduct constitutes a reckless disregard for the rights and safety of Isaiah and, as a proximate result of such reckless conduct, Isaiah was killed.  At no time was Isaiah an immediate threat to those officer or any member of the public.  The use of lethal force and the firing of at least four shots in or toward his torso and one into his back was without provocation or justification.

**34.** Hancock County is liable to the wrongful death beneficiaries of Isaiah, Plaintiffs herein, up to the $500,000 statutory damage cap of the Miss. Tort Claims Act.

**35.** The prescribed statutory notice of claim letter was mailed to the Defendants on May 22, 2022, and the stay period provide by statute has now expired. All other procedural prerequisites, if any, have been otherwise met prior to the filing of this claim.

**36.** All such damages are in additional to, or concurrent with, all those damages allowed in Counts I and II of this Complaint.

## DAMAGES

**37.** The Plaintiffs are entitled to all damages allowed by MISS. CODE ANN. §11-7-13 (AMENDED 2013), commonly called the Mississippi Wrongful Death Act.

**38.** Such damages include, but are no necessarily limited to, all funeral and burial costs, all medical expenses arising from Isaiah's shooting, all pain and mental anguish caused by Isaiah's death, all past and future loss of support, all past and future loss of companionship and society and the net present value of Isaiah's reasonably anticipated loss of earnings over his lifetime.

**39.** Plaintiffs further pray for all costs and attorney fees associated with the filing of this action, as allowed by 42 U.S.C. § 1988.

## PRAYER

***WHEREFORE, PREMISES CONSIDERED***, Plaintiffs hereby request and pray for these Defendants to appear and answer herein and that upon final hearing, the Plaintiff recover from the Defendant their actual damages, as outlined above, attorney's fees and all interest allowed by law, court costs and such other further relief to which the Plaintiff may be entitled.

ON THIS the 22ⁿᵈ day of August, 2023.

                                      Respectfully submitted,

                                      Dwight Winkley, *et. al*, PLAINTIFFS


                             By:  /s/LANCE L. STEVENS
                                    ATTORNEY FOR THE PLAINTIFFS

Lance L. Stevens, MSB No. 7877
lance@stevenslawgrouppllc.com



190 Gateway Drive, Ste. A
Brandon, MS 39042
601.829.6618 (phone); 601.829.6623 (fax)